# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Game Time Laser Tag
Adventure, LLC,

       Plaintiff,

-V-
                                             Case No. 2:05-cv-1094
                                             JUDGE SMITH
                                             Magistrate Judge King

MillsServices Corp.,

and

Tuttle Crossing Associates II
LLC,

       Defendants and Third-Party
       Plaintiffs,

-V-

Karlton P. Williamson,

and

Karlton P. Williamson, Executor of
the Estate of Victoria Williamson,

       Third-Party Defendants.


## OPINION AND ORDER

       MillsServices Corp. and Tuttle Crossing Associates II LCC (collectively, "Mills") move

the Court for fees and expenses pursuant to 28 U.S.C. §1447(c).  Plaintiff commenced an action

in the Franklin County Court of Common Pleas on September 7, 2005.  In this action against

Defendants Mills, Plaintiff seeks to void a Lease Agreement for retail space at the Mall at Tuttle

Crossing.  Mills filed counterclaims against Plaintiff as well as a Third-Party Complaint against Karlton P. Williamson and Karlton D. Williamson, as Executor of the Estate of Victoria Williamson.

On December 5, 2005, Percy Squire, Esq. filed a Notice of Removal on behalf of Karlton D. Williamson, even though he did not represent Karlton D., but rather represented Karlton P. Williamson.  On December 12, 2005, Mills filed a Motion to Remand.

On February 8, 2006, the Court granted Mills' Motion to Remand and in that order permitted Mills to file a petition and affidavit for attorneys' fees and expenses.  That petition (Doc. 14) and the Memorandum in Opposition[1] (Doc. 17) are now before the Court.

28 U.S.C. §1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See also Toledo Fair Hous. Ctr. v. Farmers Ins. Group of Cos.*, 645 F. Supp. 2d 703, 704 (N.D. Ohio 1999)(removal motion was "so without plausible merit that it is just and proper under the circumstances to award fees and costs to plaintiffs").

A determination that removal was negligent or frivolous is not necessary in order to support an award of costs and attorneys' fees.  *Bucary v. Rothrock*, 883 F.2d 447 (6th Cir. 1989). Rather, courts may award attorneys' fees under §1447(c) where the removing party lacked an objectively reasonable basis for seeking removal.  *Martin v. Franklin Capital Corp.*, 2005 U.S. LEXIS 9234, at *17 (U.S. Sup. Ct. Dec. 7, 2005).

---

[1] Third-Party Defendants failed to timely file their Memorandum in Opposition to Mills' Petition for Attorneys' Fees and Expenses.  The Memorandum in Opposition was due May 3, 2006, but they did not file it until May 8, 2006.  Nonetheless, the Court will consider the arguments in the Memorandum in Opposition.

An award under 28 U.S.C. §1447 may be made against a party, the party's counsel of record, or both.  The liability imposed upon attorney and client may be joint and several.  *See Wisconsin v. Missionaries to Preborn*, 798 F. Supp. 542, 544 (E.D. Wis. 1992).  In this case, Mills is requesting that the costs and expenses be assessed jointly and severally against Defendant Williamson and his counsel, Percy Squire.

Mills argues that they are entitled to costs and expenses, including attorneys' fees, incurred as a result of the improper removal.  They argue the removal was improper because a third-party defendant may not remove a state court action to federal court.  *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456 (6th Cir. 2002).  They further argue that the removal was improper because Williamson failed to obtain Mills' consent to remove.  All defendants who have been served or otherwise properly joined in the action must either join in the removal or file a timely written consent to the removal.  *Brierly v. Alusuisse Flexible Packaging*, 184 F.3d 527, 533 (6th Cir. 1999).  It is undisputed that Williamson never sought consent from Mills.

Williamson argues that he had a good faith basis for his removal and that the removal was proper under 28 U.S.C. §1441(c).  Williamson argues that a third-party defendant can remove a case from state court to federal court if the removal is based on a claim that was part of the original complaint and the claim is based on federal law.

The Court, however, does not find Williamson's argument convincing and maintains that the removal was improper as there was not a good faith basis for removal.  In fact, Williamson's argument that the removal was based on §1441(c) now is disingenuous considering his motion for removal specifically referenced 28 U.S.C. §1332 (diversity jurisdiction).  Further, Williamson's removal was based on the claim asserted by Mills and not the original Plaintiff

Game Time, therefore removal under §1441(c) was not proper.

After finding that Williamson's removal was not proper, Mills is entitled reasonable costs and expenses incurred because of the wrongful removal, including attorneys' fees. Mills' attorneys have set forth the fees and expenses incurred and the Court has reviewed them. Finding the legal fees and expenses to be reasonable and not excessive, Williamson and his counsel are ordered to pay Mills $6693.75 as a result of the wrongful removal.

In conclusion, the Court **GRANTS** Mills' Petition for Attorneys' Fees and Expenses (Doc. 14), and Williamson and his attorney shall pay Mills $6693.75 within sixty (60) days of this Order.

The Clerk shall remove Doc. 14 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.


**IT IS SO ORDERED.**


 **/s/ George C. Smith**
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**